**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
www.usdoj.gov/usao/or

Benjamin Tolkoff
Assistant U.S. Attorney
Benjamin.Tolkoff@usdoj.gov
(503) 727-1000
*Reply to Portland Office*



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Billy J. Williams, United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

March 28, 2018

Mr. Andrew Kohlmetz
Raivio, Kohlmetz & Steen, PC
741 SW Lincoln Street
Portland, OR 97201

      Re:    *United States v. Alfred Warren*, Case No. 3:18-CR-00002-HZ
             Plea Agreement Letter

Dear Counsel:

1.     **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.     **Charges**: Defendant agrees to plead guilty to: Count 1 of the Indictment, which charges the Possession With Intent to Distribute Heroin, Furanyl Fentanyl, 3, 4-dichloro-N-[2-(dimethylamino)cyclohexyl]-N-methylbenzamine), commonly referred to as "U-47700," in violation of Title 21, United States Code, Sections 813, 841(a)(1) and 841(b)(1)(C); and Count 2 of the Indictment, which charges Escape from Custody, in violation of Title 18, United States Code, Section 751.

3.     **Penalties**: As to Count 1, the maximum sentence is: twenty years in prison; a $1,000,000 fine; a mandatory minimum three-year term of supervised release, up to a lifetime term of supervised release; and a $100 fee assessment. As to Count 2, the maximum sentence is: five years in prison; a $250,000 fine; a three-year term of supervised release; and a $100 fee assessment.

        Defendant agrees to pay the fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done. Defendant further stipulates to the forfeiture of asset as set forth below. Defendant understands that if a mandatory minimum sentence is required, this may restrict the application of downward departures, adjustments, and variances in some cases.

Mr. Andrew Kohlmetz
Re: Alfred Warren Plea Letter
Page 2

---

Defendant understands that if he is not a citizen of the United States, his guilty plea and conviction, make it practically inevitable and a virtual certainty that he will be removed or deported from the United States. Defendant acknowledges and agrees that his attorney has explained this and that defendant still wants to plead guilty.

4.  **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this [drug] investigation, known to the USAO at the time of this agreement.

5.  **Elements and Factual Basis:** In order for defendant to be found guilty of Count 1 of the Indictment, the government must prove the following elements beyond a reasonable doubt:

    First, defendant knowingly possessed heroin, furanyl fentanyl, and U-47700; and

    Second, defendant possessed it with the intent to distribute it to another person.

    It does not matter whether defendant knew that the substance was heroin, furanyl fentanyl, and U-47700. It is sufficient that the defendant knew that it was some kind of federally controlled substance.

    Defendant admits the elements of the offense alleged in Count 1 of the Indictment.

    In order for defendant to be found guilty of Count 2 of the Indictment, the government must prove the following elements beyond a reasonable doubt:

    First, the defendant was in the custody of the Northwest Regional Reentry Center;

    Second, the defendant was in custody by virtue of a conviction for possession of a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1); and

    Third, the defendant knowingly and voluntarily left custody without permission.

    Defendant admits the elements of the offenses alleged in Count 2 of the Indictment.

    Were this matter to proceed to trial, the government would prove that on August 19, 2016, defendant arranged to sell what appeared to be counterfeit or illegally obtained oxycodone pills. At the time and place of the planned drug deal, defendant arrived and was arrested by Portland Police. Defendant was searched incident to his arrest and, in his pocket, the police found ten pills. The pills tested positive for a combination of furanyl fentanyl, heroin and U-47700. At the time of his arrest, defendant was living at the Northwest Regional Reentry Center as part of his sentence in the matter *U.S. v. Warren*, 3:11-CR-497-MO (D. Or. 2011). After defendant was arrested on August 19, 2016, he was released by the Portland Police but did not return to the Reentry Center and was a fugitive until his arrest in December 2017.

Mr. Andrew Kohlmetz
Re: Alfred Warren Plea Letter
Page 3

---

6. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7. **Relevant Conduct**: The parties agree that on or about August 19, 2016, defendant was arrested in possession of approximately ten (10) counterfeit pills that were a composite of heroin, furanyl fentanyl and 3, 4-dichloro-N-[2-(dimethylamino)cyclohexyl]-N-methylbenzamine), commonly referred to as "U-47700." The parties agree that the net weight of the composite pills is approximately 1 gram. The parties further agree that furanyl fentanyl is a fentanyl analogue for purposes of 21 U.S.C. § 813 and that U-4770 is a synthetic opioid and a controlled substance. Pursuant to U.S.S.G. § 2D1.1(c)(14), defendant's Guidelines Base Offense Level for Count 1 of the Indictment is 12. Pursuant to U.S.S.G.§ 2P1.1(a)(1) defendant's Guidelines Base Offense Level for Count 2 of the Indictment is 13. Pursuant to U.S.S.G.§ 3D1.4, the combined Offense Level for Counts 1 and 2 is 15, prior to adjustments.

8. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that he fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for his unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than 16). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

9. **No Enhancement**: The USAO agrees not to file for a sentencing enhancement under 21 U.S.C. § 851 if defendant has any prior felony drug convictions.

10. **Additional Departures, Adjustments, or Variances**: The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement. Defendant agrees not to seek any downward departures, adjustments, or variances to the advisory sentencing guideline range under the sentencing guidelines provisions, or under 18 U.S.C. § 3553, or to seek a sentence below that range, except as specified in this agreement.

11. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the court. Defendant's waiver includes, but is not limited to, any challenges to the constitutionality of the statute(s) to which defendant is pleading guilty and any argument that the

Mr. Andrew Kohlmetz
Re: Alfred Warren Plea Letter
Page 4

---

facts to which defendant admits are not within the scope of the statute(s). Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

12. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

13. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

14. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, he must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, he has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

15. **Forfeiture Terms**:

   A. **Assets and Authority**: By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to all assets which are subject to forfeiture pursuant to 21 U.S.C. § 853, including any money in defendant's possession at the time of his arrest in August 2016, which defendant admits constitutes the proceeds of defendant's criminal activity in violation of 21 U.S.C. § 841(a)(1) as set forth in Count 1 of the Indictment.

   B. **Agreement to Civil Forfeiture**: Defendant agrees not to file a claim or withdraw any claim already filed to any of the listed property in any civil proceeding, administrative or judicial, which has been or may be initiated. Defendant further waives the right to notice of any forfeiture proceeding involving this property, and agrees not to assist others in filing a claim in any forfeiture proceeding.

   C. **No Alteration or Satisfaction**: Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim

Mr. Andrew Kohlmetz
Re: Alfred Warren Plea Letter
Page 5

---

or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure. Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.

       D.    **Title Assistance**: Defendant agrees to fully assist the USAO in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States, including but not limited to surrender of title and execution of any documents necessary to transfer defendant's interest in any of the above property to the United States, and assist in bringing any assets located outside the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture.

       E.    **Assets Not Identified**: The USAO reserves its right to proceed against any remaining assets not identified either in this agreement or in the civil actions which are being resolved along with this plea of guilty, including any property in which defendant has any interest or control, if said assets, real or personal, tangible or intangible are subject to forfeiture.

16.    **Memorialization of Agreement**: No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

//

Mr. Andrew Kohlmetz
Re: Alfred Warren Plea Letter
Page 6

---

17. **Deadline**: This plea offer expires if not accepted by May 1, 2018 at 5:00 p.m.

Sincerely,

BILLY J. WILLIAMS
United States Attorney

BENJAMIN TOLKOFF
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

9/12/18
Date

ALFRED WARREN
Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

9/12/18
Date

ANDREW KOHLMETZ
Attorney for ALFRED WARREN